UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.

MICAH GRAY

No. 5:22-cr-15

*****

# JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses he is accused of committing. Then I will pause, and you will hear the lawyers give their closing arguments—but remember that those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

## I.   DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the courtroom. It is your job—not mine—to decide what the facts are. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found and decide whether the Government has proved the Defendant guilty beyond a reasonable doubt. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties, the lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in this case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who introduced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. Your job is to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Opinion Testimony

You heard some testimony that came in the form of a witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crimes charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

The law presumes that all defendants are innocent. This Defendant, like all defendants, starts trial with a clean slate, and without any evidence at all against him.

2

It is not up to him to prove that he is innocent; it is up to the Government to present evidence that overcomes this presumption. This burden stays on the Government from start to finish. This means that the Defendant has no obligation to present any evidence at all.

The Government has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of a charged offenses beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element beyond a reasonable doubt, then return a not guilty verdict for that offense.

## Other Acts of the Defendant

You have heard testimony that the Defendant committed acts other than the ones charged in the indictment. Remember that the Defendant is on trial here only for the four counts charged in the indictment, not for anything else. Do not return a guilty verdict unless the Government proves the crimes charged in the indictment beyond a reasonable doubt.

## Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have every right to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II. RULES OF LAW

The Defendant is on trial only for the particular crimes charged in the indictment: distribution of a controlled substance on three occasions, as well as possession of a controlled substance with the intent to distribute it. Your job is limited to deciding whether the Government has proved the crimes charged.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### Distribution of a Controlled Substance

Counts 1–3 of the indictment accuse the Defendant of distributing methamphetamine. Federal law prohibits the distribution of controlled substances. Methamphetamine is a controlled substance. For you to find the Defendant guilty of this crime, you must find that the Government has proved each of the following elements beyond a reasonable doubt:

(1) The Defendant knowingly distributed methamphetamine; and

(2) The Defendant knew at the time of distribution that the substance was methamphetamine or some kind of controlled substance.

Now I will give you more detailed instructions on some of these elements.

First, regarding distribution, the Government must prove that the Defendant delivered or transferred a controlled substance. This includes the actual or constructive transfer of a controlled substance. It also includes the sale of a controlled substance.

To establish actual distribution, the Government must prove that the Defendant directly delivered or transferred the methamphetamine to another person.

To establish constructive distribution, the Government must prove that the Defendant caused the methamphetamine to be delivered or transferred to another person, even if the Defendant didn't physically deliver or transfer the methamphetamine directly to another person.

Second, to prove that the Defendant "knowingly" distributed the methamphetamine, it is enough that the Defendant knew that the substance he distributed was methamphetamine or some kind of controlled substance. He need not have known that it was methamphetamine specifically. In addition, he need not have

4

known how much methamphetamine he distributed. It's enough that the Defendant knew he'd distributed some quantity of a controlled substance.

I want to explain something about proving the Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results.

All of this is for you to decide. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the corresponding charges. If you have a reasonable doubt about any one of these elements, however, then you must find the Defendant not guilty of that charge.

### Possession of a Controlled Substance with the Intent to Distribute

Count 4 of the indictment accuses the Defendant of possessing methamphetamine with the intent to distribute it. For you to find the Defendant guilty of this crime, you must find that the Government has proved each of the following elements beyond a reasonable doubt:

(1)   The Defendant knowingly possessed methamphetamine

(2)   The Defendant intended to distribute methamphetamine.

Now I will give you more detailed instructions on some of these elements.

First, let's discuss possession. The Government does not necessarily have to prove that the Defendant physically possessed the methamphetamine for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant had direct, physical control over the methamphetamine, and knew that he had control of it.

To establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over the methamphetamine, and

knew that he had this right, and that he intended to exercise physical control over the methamphetamine at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not necessarily equal possession. The Government must prove that the Defendant had possession of the methamphetamine and knew that he did for you to find him guilty of this crime. This, of course, is all for you to decide.

To prove that the Defendant knowingly possessed methamphetamine, the Defendant did not have to know the substance was methamphetamine specifically. It is enough that the Defendant knew that it was methamphetamine or some kind of controlled substance. Further, the Defendant did not have to know how much methamphetamine he possessed. It is enough that the Defendant knew that he possessed some quantity of methamphetamine.

The phrase "intended to distribute" means the Defendant intended to deliver or transfer a controlled substance sometime in the future.

In determining whether the Defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

Now let's discuss how you will determine the amount of methamphetamine the Defendant possessed if you find him guilty on Count 4.

That Count charges him with possession with the intent to distribute methamphetamine. If and only if you find the Defendant guilty of this charge, you will then need to answer an additional question: how much methamphetamine was involved in the offense.

If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that the offense involved a quantity of at least 50 grams or more of methamphetamine, then please indicate this finding by checking that line on the

verdict form. If you find that the offense involved between 5 and 50 grams, please indicate that by checking the corresponding line on the verdict form. And do the same if you find the offense involved less than 5 grams.

In determining the quantity of the controlled substance involved in the offense, you need not find that the Defendant himself knew that was the amount involved. All of this is for you to decide. If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, however, then you must find the Defendant not guilty of this charge.

Now you'll hear closing arguments from the lawyers. Remember that closing arguments are not evidence, and—unlike my instructions—they do not bind you.

### III.   JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in the courtroom.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of the evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes may be just as worthy of consideration as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement if you possibly can do so—at least without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group

can finish and return a verdict. All twelve of you must unanimously agree on the verdict.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.